UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RAFAEL SOLANO,

                      Plaintiff(s),

      -against-

CORRECTION OFFICER A. AUBIN, CORRECTION OFFICER BEZIO,
CORRECTION OFFICER TAFT, and CORRECTION OFFICERS "JOHN DOE
I-V" which are fictitious names for actual persons whose true
identities are unknown at this time,

                      Defendant(s).
-------------------------------------------------------------------X

**AMENDED COMPLAINT**

Docket No:
9:20-cv-01378 (BKS/ML)

**Plaintiff Demands
A Trial By Jury**

       Plaintiff, Rafael Solano, by and through the undersigned attorneys, GREENBERG & STEIN, P.C., for his complaint against the above Defendants, Correction Officer A. Aubin, Correction Officer Bezio, Correction Officer Taft, and John or Jane Does I-V, alleges and states as follows:

**PRELIMINARY STATEMENT**

1.      This is a civil rights action, in which Plaintiff seeks relief vis-à-vis 42 U.S.C. §§ 1983 for the violation of his civil rights protected by the United States Constitution.

2.      The following claims arise from a November 9, 2017 incident, in which defendants, acting under color of state of law, committed multiple assault and batteries to plaintiff's person.

3.      As a direct and proximate result, Mr. Solano was physically injured and suffered serious physical and emotional injuries.

4.      Plaintiffs seeks monetary damages (compensatory and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court may deem just and proper.

**JURISDICTION**

5.      This action arises under the United States Constitution, and under 42 U.S.C. §§ 1983, the constitution of the State of New York.

6.      The Jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of supplemental jurisdiction.

7.      Plaintiff seeks compensatory and punitive damages from the individual defendants, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

8.      Plaintiff appeared at a Superintendent Hearing on November 17, 2017 to dispute the charges filed against him in the instant incident. Plaintiff filed a grievance on December 19, 2017. Plaintiff appealed his convictions and appeared at a Superintendent's Hearing again on January 24, 2018. Plaintiff served a Notice of Intention to Make a Claim on February 5, 2018.

## VENUE

9.      Venue is laid within the Northern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c) because the acts in question occurred in Clinton County, and the defendants are subject to personal jurisdiction in the Northern District of New York.

10.     Upon information and belief, plaintiff has exhausted all appeals, grievances, and administrative remedies.

## PARTIES

11.     Plaintiff, Rafael Solano "Mr. Solano" is an African-American male who is a resident of the State of New York. At the time of the incident, plaintiff was an inmate in the custody of the New York State Department of Correction ("NYSDOC") at Clinton Correctional Facility ("CCF"), located at Dannemora, New York, Clinton County, New York, assigned DIN 17A1188.

12.     The defendant, Correction Officer A. Aubin, ("C.O. AUBIN"), is a correction officer employed by the State and NYSDOC.

13. The defendant, Correction Officer Bezio, ("C.O. BEZIO"), is a correction officer employed by the State and NYSDOC.

14. The defendant, Correction Officer John Doe I, ("C.O. JD1"), is a correction officer employed by the STATE and NYSDOC.

15. The defendant, Correction Officer John Doe II, ("C.O. JD2"), is a correction officer employed by the STATE and NYSDOC.

16. The defendant, Correction Officer John Doe III, ("C.O. JD3"), is a correction officer employed by the STATE and NYSDOC.

17. The defendant, Correction Officer John Doe IV, ("C.O. JD4"), is a correction officer employed by the STATE and NYSDOC.

18. The defendant, Correction Officer John Doe V, ("C.O. JD5"), is a correction officer employed by the STATE and NYSDOC.

19. That at all times herein mentioned, defendants, C.O. Aubin, C.O. Bezio, C.O. Taft, C.O. JD1, C.O. JD3, C.O. JD4 and C.O. JD5 were employed by the STATE and NYSDOC.

20. That at all the times herein mentioned, defendants, C.O. Aubin, C.O. Bezio, C.O. Taft, C.O. JD1, C.O. JD3, C.O. JD4 and C.O. JD5 were acting under color of state law and under their authority as correction officers for the STATE and NYSDOC.

21. The defendants, C.O. JD1, C.O. JD3, C.O. JD4 and C.O. JD5, an individual whose identity has yet to be confirmed, were at all times relevant hereto, correction officers at Clinton Correctional Facility and responsible for the confinement, habitation and supervision of inmates of the State's prisons and who were employed by STATE and NYSDOC.

22. That at all times herein mentioned, defendants C.O. JD1, C.O. JD3, C.O. JD4 and C.O. JD5 were employed by the STATE and NYSDOC, in the capacity as correction officers, and were acting in such capacity as the agents, servants and employees of the STATE and NYSDOC.

23. That at all the times herein mentioned, defendants C.O. JD1, C.O. JD3, C.O. JD4 and C.O. JD5 were acting under color of state law and under their authority as correction officers for the STATE and NYSDOC.

24. CCF is a medium security men's prison operated, controlled and managed by STATE and NYSDOC.

25. That at all the times herein mentioned, plaintiff Mr. Solano was an inmate at CCF in the State of New York, County of Clinton, which is operated by NYSDOC, a state agency of the State of New York responsible for the confinement, habitation and supervision of inmates of the State's prisons.

26. That on February 5, 2018, and within the time prescribed by law, a Notice of Intention to Make a Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof was duly served on the Plaintiff's behalf.

27. That by reason of the foregoing, Plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**FACTUAL CHARGES**

28. Mr. Solano, DIN Number 17A1188, was an inmate at the Clinton Correctional Facility, located at 1156 Cook Street, Dannemora, New York.

29. On November 9, 2017, at approximately 11:10 A.M., Mr. Solano was in the general library.

30. On said date, time and location, library staff made an announcement to all in inmates in the general library that it was time for them to go back to their cells.

31. The library announcement was followed by an alarm indicating an incident had occurred.

32. C.O. Aubin then directed the inmates in the general library to come out of the library and sit on a bench in the hallway. Mr. Solano complied and entered the hallway.

33. C.O. Aubin was fully aware that Mr. Solano had injured his back and that Mr. Solano's injured back made it difficult for him to sit and stand quickly. Mr. Solano complied with C.O. Aubin's orders and sat down on the bench.

34. C.O. Aubin then directed Mr. Solano and the other inmates to then stand up and go back into the library. Mr. Solano complied and re-entered the library.

35. Then, C.O. Aubin then directed Mr. Solano to exit the library alone. Mr. Solano again complied with said order.

36. C.O. Aubin then escorted Mr. Solano to the hallway to an elevator and instructed Mr. Solano to put his hands against the wall. Mr. Solano complied with said orders.

37. C.O. Aubin then committed multiple assault and batteries to Mr. Solano in violation of his civil right to be free from excessive force.

38. First C.O. Aubin punched Mr. Solano in the head and stated in sum and substance "Fuck your back, when I tell you to sit down, you sit down as fast as I tell you to sit down." C.O. Aubin then began to strike Mr. Solano in the face multiple times.

39. C.O. Aubin and another Officer, whose identity is unknown at the time, then threw plaintiff onto the floor. While Plaintiff was on the floor, he had multiple assault and batteries to his back by kicks from other correction officers.

40. C.O. Bezio and C.O. Taft committed assault and batteries to plaintiff's person in violation of his civil right to be free from excessive force.

41. Defendants C.O. Bezio and C.O. Taft failed to intervene when Officer Aubin was committing assaults and batteries to plaintiff's person.

42. The defendants, C.O. Aubin, C.O. Bezio, C.O. Taft, C.O. JD1, C.O. JD3, C.O. JD4 and C.O. JD5, jointly and severally, committed the following acts:

    a) Refused to aid and safeguard plaintiff from excessive force by correction officers.

    b) Covered-up the actions of each other in the use of excessive force.

    c) Knowingly, intentionally and maliciously assaulted plaintiff when he had obeyed their orders.

d) Knowingly and intentionally violated the plaintiff's rights as guaranteed to him by the constitutions of the United States and New York.

e) The actions of the defendants, C.O. Aubin, C.O. Bezio, C.O. Taft, C.O. JD1, C.O. JD3, C.O. JD4 and C.O. JD5 constituted Cruel and Unusual Punishment in violation of plaintiff's Eighth (8th) Amendment Rights when the sole purpose of each defendant's actions was to harass, injure, humiliate and intimidate plaintiff.

f) The actions of each defendant were malicious and sadistic.

g) The actions of each defendant, specifically the excessive force on the plaintiff, was of the nature of a hate crime against the plaintiff.

h) The actions of defendants, C.O. Aubin, C.O. Bezio, C.O. Taft, C.O. JD1, C.O. JD3, C.O. JD4 and C.O. JD5, constituted deliberate indifference to Plaintiff's health by failing to protect plaintiff from threats of violence by their officers and ultimately the excessive force that occurred by their officers in the instant action.

## FIRST CAUSE OF ACTION

Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

43. The above paragraphs are here incorporated by reference as though fully set forth.

44. The Defendants violated Plaintiff's rights because they used unreasonable force without Plaintiff's consent.

45. Defendants engaged in and subjected Plaintiff to immediate harmful and/or offensive touching and battered him without her consent.

46. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION

## Failure to Intervene Under
## 42 U.S.C. § 1983 Against Individual Defendants

47. The above paragraphs are here incorporated by reference as though fully set forth.

48. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

49. Accordingly, the Defendants who failed to intervene violated the plaintiff's civil rights.

50. Accordingly, the Defendants who failed to intervene and stop their fellow officers from committing excessive force to plaintiff.

51. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

   a) On the First Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

   b) On the Second Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

   c) Awarding Plaintiff punitive damages in an amount to be determined by a jury on all causes of action set forth herein;

   d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

Together with the costs and disbursements of this action.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: New York, New York
November 5, 2021

                                        Yours, etc.,

                                        John K. Kouroupas
                                        GREENBERG & STEIN, P.C.
                                        Attorney for Plaintiff(s)
                                        RAFAEL SOLANO
                                        360 Lexington Avenue, Suite 1501
                                        New York, New York 10017
                                        (212) 681-2535

TO:

State of New York
ATTORNEY GENERAL'S OFFICE
120 Broadway, New York, NY 10005

CORRECTION OFFICER A. AUBIN

CORRECTION OFFICER BEZIO

CORRECTION OFFICER TAFT

10