UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RAFAEL SOLANO,

                                        Plaintiff,                      9:20-cv-1378 (BKS/ML)

v.

CORRECTION OFFICER A. AUBIN,

                                        Defendant.
_____

**Appearances:**

*For Plaintiff:*
John K. Kouroupas
Greenberg & Stein, P.C.
360 Lexington Avenue, Suite 1501
New York, New York 11361

*For Defendant:*
Letitia James
Attorney General of the State of New York
Aimee Cowan
Assistant Attorney General, of counsel
300 South State Street, Suite 300
Syracuse, New York 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

       Plaintiff Rafael Solano brings this action under 42 U.S.C. § 1983 against Defendant Correction Officer A. Aubin asserting a claim for Eighth Amendment excessive force. (Dkt. No. 24.) The case is set for trial on February 12, 2024. Presently before the Court are Defendant's motions in limine. (Dkt. No. 71.) Plaintiff responded in partial opposition to Defendant's motions, (Dkt. No. 77), but did not file any motions in limine. The Court heard oral argument on

Defendant's motions at a final pretrial telephonic conference on February 1, 2024. For the following reasons, Defendant's motions are granted in part and denied in part.

## II. DEFENDANT'S MOTIONS IN LIMINE

### A. Evidence of a Prior Lawsuit Against Defendant

Defendant moves to preclude Plaintiff from eliciting testimony at trial regarding Defendant's disciplinary history, personnel records, other lawsuits, other complaints or grievances filed against him, or any other allegations of misconduct. (Dkt. No. 71-1, at 8–11.) Plaintiff argues that a prior lawsuit against Defendant, *Anselmo v. Bresette*, No. 19-cv-350 (N.D.N.Y.), is sufficiently similar Plaintiff's case to "evidenc[e] a unique pattern." (Dkt. No. 77, at 1–3.)[1]

Under Rule 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Such evidence may also be admissible "to establish a pattern of conduct," but "[t]o merit admission under this theory, the extrinsic acts must share 'unusual characteristics' with the act charged or represent a 'unique scheme.'" *Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2d Cir. 1991) (quoting *United States v. Benedetto*, 571 F.2d 1246, 1249 (2d Cir. 1978)). Admissibility under Rule 404(b) is

---

[1] At the final pretrial conference, Plaintiff also stated that such evidence is relevant to Defendant's credibility, but Plaintiff advanced no argument as to how an unsubstantiated complaint that alleged Defendant "scream[ed] and us[ed] racial slurs," (*id.* at 2), is probative of Defendant's character for truthfulness under Rule 608(b). The prior lawsuit is not probative of Defendant's character for truthfulness "because the underlying conduct does not involve dishonesty," and testimony related to the prior lawsuit is therefore not admissible under Rule 608(b). *See McLeod v. Llano*, No. 17-cv-6062, 2021 WL 1669732, at *10, 2021 U.S. Dist. LEXIS 81006, at *29–30 (E.D.N.Y. Apr. 28, 2021) (quoting *Bryant v. Serebrenik*, No. 15-cv-3762, 2017 WL 713897, at *2, 2017 U.S. Dist. LEXIS 25572, at *5 (E.D.N.Y. Feb. 23, 2017)).

further dependent upon whether "(1) the prior acts evidence was offered for a proper purpose; (2) the evidence was relevant to a disputed issue; (3) the probative value of the prior act evidence substantially outweighed the danger of its unfair prejudice; and (4) the court administered an appropriate limiting instruction." *United States v. Brand*, 467 F.3d 179, 196 (2d Cir. 2006) (quoting *United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002)), *abrogated on other grounds by United States v. Cabrera*, 13 F.4th 140 (2d Cir. 2021).

Here, Plaintiff claims that Defendant "is a malicious and evil individual[] who runs the jail library like a tyrant" and that the prior lawsuit against Defendant demonstrates that Defendant "acted like a tyrant on a prior occasion in the library" in a similar manner to the incident at issue in the instant case. (Dkt. No. 77, at 2.) This, Plaintiff argues, shows that Defendant "has vicious propensities towards inmate [sic] in the library at the slightest incident of insubordination by the inmates." (*Id.*)

Plaintiff's proffered reason for seeking to admit the prior lawsuit against Defendant appears to fall squarely within the strictures of Rule 404(a)(1): that is, Plaintiff appears to be offering "[e]vidence of [Defendant]'s character or character trait . . . to prove that on a particular occasion [Defendant] acted in accordance with the character or trait," which Rule 404(a)(1) expressly prohibits. *See* Fed. R. Evid. 404(a)(1); *see also Berkovich*, 922 F.2d at 1022 ("[The plaintiff] first contends that the prior complaints showed [the defendant]'s 'sadistic,' 'malicious,' 'aggravated state of mind.' This proffer amounts to no more than a veiled attempt to do what Rule 404(b) expressly prohibits—introducing evidence of bad acts to show the defendant's propensity to commit such acts.").

The allegations of the prior lawsuit, in which Defendant was accused of "yelling obscenities and racist remarks directed at the plaintiff," (Dkt. No. 77-1, at 3), differ significantly

from the facts of this case, in which Plaintiff accuses Defendant of using excessive force, (Dkt. No. 24, ¶¶ 37–39, 42). Plaintiff has not shown "unusual characteristics" or a "unique scheme" sufficient to establish admissibility under Rule 404(b). *See Berkovich*, 922 F.2d at 1022–23.

In any event, the Court notes that the evidence Defendant seeks to admit is only an allegation in a lawsuit where the case against the Defendant was dismissed under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted, (Decision and Order at 21, *Anselmo v. Bresette*, No. 19-cv-350 (N.D.N.Y. Apr. 5, 2019), Dkt. No. 5), and the prejudicial effect of this unsubstantiated allegation substantially outweighs any conceivable probative value, *see Iverson v. Surber*, 800 F. App'x 50, 52 (2d Cir. 2020) (summary order) ("[T]he District Court did not abuse its discretion by concluding that unsubstantiated allegations carried less weight tha[n] the potential prejudice they would cause to [the defendant]."); *cf. Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 556 (E.D.N.Y. 2011) ("[B]ecause [prior Civilian Complaint Review Board] complaints were not substantiated, the court finds that under Rule 403, the probative-prejudice balancing test weighs heavily in favor of excluding the evidence. . . . Accordingly, plaintiffs are precluded from presenting evidence of [Civilian Complaint Review Board] complaints against defendants that remain unsubstantiated . . . .").

Accordingly, Defendant's motion in limine is granted with respect to the prior lawsuit against Defendant. Because Plaintiff does not indicate that he intends to offer evidence of Defendant's disciplinary history, personnel records, other complaints or grievances filed against him, or any other allegations of misconduct, Defendant's motion is otherwise denied as moot.[2]

---

[2] The Court indicated at the final pretrial conference that Plaintiff must raise at sidebar any intention of offering the same or similar evidence with regard to any other witness at trial. Should Plaintiff intend to do so, he must advance a viable theory of admissibility.

### B. Requesting a Specific Amount in Damages

Defendant moves to preclude Plaintiff from requesting a specific dollar amount in damages. (Dkt. No. 71-1, at 14–15.) Plaintiff responds that he is "unaware why the specific facts in the [instant] matter warrant a preclusion rather than a jury charge or instruction." (Dkt. No. 77, at 7–8.)

In the Second Circuit, the decision of whether to permit an attorney to argue for specific amounts in damages "is best left to the discretion of the trial judge, who may either prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997). However, "specifying target amounts for the jury to award is disfavored." *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1016 (2d Cir. 1995), *vacated on other grounds sub nom. Consorti v. Owens-Corning Fiberglass Corp.*, 518 U.S. 1031 (1996). Target amounts "anchor the jurors' expectations of a fair award at the place set by counsel, rather than by the evidence." *Ferreira v. City of Binghamton*, No. 13-cv-107, 2016 WL 4991600, at *5, 2016 U.S. Dist. LEXIS 126011, at *14 (N.D.N.Y. Sept. 16, 2016) (quoting *Consorti*, 72 F.3d at 1016). Courts within the Second Circuit often preclude plaintiffs from naming particular sums when the damages are non-economic. *Ross v. Guy*, 2022 WL 768196, at *7, 2022 U.S. Dist. LEXIS 44714, at * 19 (E.D.N.Y. Mar. 14, 2022).

Plaintiff indicated at the final pretrial conference that he intends to present the jury with a range of reasonable damages amounts but did not indicate what that range is or on what it is based. The Court is disinclined to admit argument as to a specific damages amount absent some basis for quantification of the damages. But because the Court's decision on this issue may be impacted by evidence admitted at trial, the Court reserves on ruling on this issue until trial.

### C. Defendant's Unopposed Motions

#### 1. Plaintiff's Criminal Conviction

Defendant moves to admit evidence of Plaintiff's conviction of a felony—criminal possession of a weapon in the second degree resulting in a five-year sentence[3]—for the purposes of impeachment under Federal Rule of Evidence 609(a)(1). (Dkt. No. 71-1, at 3–8.) Defendant does not object to this motion. (Dkt. No. 77, at 1.)

Rule 609(a)(1) of the Federal Rules of Evidence provides that, in a civil case, "subject to Rule 403," evidence of a prior criminal conviction "must be admitted" to impeach a witness where the conviction was "for a crime that . . . was punishable . . . by imprisonment for more than one year." Fed. R. Evid. 609(a)(1)(A).[4] "The Rule requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 620–21 (2d Cir. 2005) (quoting Fed. R. Evid. 403).

"Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully," *Estrada*, 430 F.3d at 617, although convictions for "weapons possession are generally not particularly probative as to honesty or veracity," *Espinosa v. McCabe*, No. 10-cv-497, 2014 WL 988832, at *4, 2014 U.S. Dist. LEXIS 31741, at *12–13 (N.D.N.Y. Mar. 12, 2014) (citing *Estrada*, 430 F.3d at 617–18). But because Plaintiff's version of the events at issue differs from Defendant's version of the events, Plaintiff's credibility will

---

[3] At the final pretrial conference, the parties agreed that the imposed sentence was five years.

[4] Because Plaintiff's was released from confinement stemming from the conviction within the last ten years, Rule 609(b) is inapplicable. And because Plaintiff's conviction did not require proving a dishonest or false statement, Rule 609(a)(2) is inapplicable.

have to be assessed against the credibility of Defendant. Plaintiff's character for veracity is therefore a central issue in this case, and the existence of a prior felony conviction is probative of his credibility. *See Crenshaw v. Herbert*, 409 F. App'x 428, 431–32 (2d Cir. 2011) (summary order) (finding no abuse of discretion in admitting evidence of a prior conviction in a § 1983 case because "[e]vidence of [the plaintiff's prior conviction] was probative of his veracity, a central issue in this case because the jury was required to choose between two contradictory versions of the underlying incident" (internal citation omitted)). Furthermore, the jury will know by the nature of his claim against a correction officer that Plaintiff was convicted of a crime and was serving a prison sentence, which limits the prejudicial effect of introducing the fact that Plaintiff has a prior conviction. *See Espinosa*, 2014 WL 988832, at *6, 2014 U.S. Dist. LEXIS 31741, at *16.

Having weighed the relevant factors, the Court finds that the probative value of evidence of Plaintiff's conviction for criminal possession of a weapon in the second degree substantially outweighs any danger of unfair prejudice, and it is therefore admissible to impeach Plaintiff. Defendant may inquire into the essential facts of Plaintiff's conviction for criminal possession of a weapon in the second degree—that is, Defendant may inquire into "the statutory name of [the] offense, the date of conviction, and the sentence imposed." *Estrada*, 430 F.3d at 615.

    **2.**    **Remaining Unopposed Motions**

Defendant also moves to preclude Plaintiff from offering evidence or testimony regarding a lost wages claim, offering evidence or testimony regarding DOCCS' potential obligation to indemnify Defendant, referring to Defendant's counsel as the "State's Attorney" or "DOCCS' Attorney," and offering any medical or psychological opinion evidence. (Dkt. No. 71-1, at 11–16.) Defendant does not object to these motions. (Dkt. No. 77, at 1.) Accordingly, these motions are denied as moot.

## III. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motions in limine, (Dkt. No. 71), are **GRANTED in part** and **DENIED in part** as set forth above.

**IT IS SO ORDERED.**

Dated: February 5, 2024
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge